IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY TYRONE GARRISON, | ) | No. C 14-0249 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) ) | |
| ROBIN; MARIN COUNTY JAIL, | ) ) | |
| Defendant. | ) ) ) | |

**INTRODUCTION**

Plaintiff, a California prisoner at Salinas Valley State Prison, filed this pro se civil rights complaint under 42 U.S.C. § 1983. His application to proceed *in forma pauperis* is granted in a separate order. The complaint is dismissed with leave to amend.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

He claims that the jail and a jail official named "Robin" denied him access to the courts. Plaintiff alleges that on December 8, 2013, he requested stamped envelopes from unnamed jail officials to allow him to correspond with the courts about a pending case. Those requests were ignored until the end of the month, when he began receiving the envelopes he requested. He complains that on three occasions he traded his lunch for envelopes before jail officials started providing them.

Plaintiff does not state a cognizable claim for the violation of his right to access the courts because he has not alleged an "actual injury." Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual

injury. *Id.* at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *Id.* at 354-55. To state a claim that the denial of materials, such as postage or envelopes, violated a prisoner's right to access the courts, there must be a showing that the denial of the materials denied the prisoner the ability to perfect and pursue legal action, i.e. actual injury to court access. *See Gluth v. Kangas*, 951 F.2d 1504, 1509 n.2 (9th Cir. 1991); *King v. Atiyeh*, 814 F.2d 565, 565 (9th Cir. 1987) (no established minimum postage that state must meet; focus of court is whether plaintiff has been denied meaningful access).

Plaintiff has not alleged actual injury because he has not alleged that Defendants' actions prevented him from pursuing or perfecting a case in the courts. Plaintiff's allegation that he missed three lunches is not the type of injury that constitutes the denial of access to courts, even if he lost the lunches in order to gain the materials he needed. *Cf. Gluth*, 951 F.2d at 1509 n.2 (a prison's indigence policy which forces prisoners to choose between purchasing hygienic supplies and essential legal supplies does not show actual injury). Plaintiff will be given leave to file an amended complaint in which to allege, if he can do so in good faith, "actual injury" within the meaning of *Lewis*, i.e. that the denial of stamped envelopes in December 2013 prevented him from pursuing or perfecting his court case. The amended complaint must also include the last name of the defendant "Robin" and any other individual defendants in order to allow for service of process.

### CONCLUSION

This case is DISMISSED WITH LEAVE TO AMEND.

Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed** in which he cures the deficiencies described above. Plaintiff is advised to use the Court's complaint form. The amended complaint **must** include the caption and civil case number used in this order (No. C 13-4162 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.

1    Because an amended complaint completely replaces the original complaint, *see Ferdik v.*

2    *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material

3    from the original by reference.  <u>Failure to amend within the designated time and in</u>

4    <u>accordance with this order will result in the dismissal of this action</u>.

5         IT IS SO ORDERED.

6    DATED: 2/6/14

7                                            JEFFREY S. WHITE
                                             United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ANTHONY T. GARRISON,

        Plaintiff,

  v.

ROBIN PRISONER SERVICES WORKER et al,

        Defendant.

_____/

Case Number: CV14-00249 JSW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 6, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Anthony Tyrone Garrison J-27921
CSP-Solano II
California State Prison-Solano
P.O. Box 4000
Vacaville, CA 95696

Dated: February 6, 2014

                    Richard W. Wieking, Clerk
                    By: Lisa R Clark, Deputy Clerk